DMJ:ALB
F.# 2011R01245

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 04 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

RAKESH K. PUNN,

        Defendant.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. **CR-12 0011**
(T. 18, U.S.C., §§ 982(a)(7),
982(b)(1), 1347, 2251(a),
2251(e), 2253, 2 and 3551 et
seq.; T. 21, U.S.C., §
853(p))

**SEYBERT, J**
**BOYLE, M**

THE GRAND JURY CHARGES:

INTRODUCTION

      At all times relevant to this Indictment, unless otherwise indicated:

The Defendant

      1.    The defendant RAKESH K. PUNN ("PUNN"), a resident of Bethpage, New York, was a licensed medical doctor whose practice included providing pediatric care. PUNN maintained an office within his residence in which he examined and treated patients, including minors (the "office").

The Health Care Benefit Programs

      2.    Child Health Plus, Empire Blue Cross and Blue Shield, Family Health Plus, HIP Health Plan of New York, HIP Prime HMO, Oxford HMO Select/Liberty Network and the Empire Plan - New York State Health Insurance Program (collectively the

"Benefit Programs") were public and private health insurance plans, affecting commerce, under which medical benefits, items and services were provided to individuals. As such, the Benefit Programs constituted health care benefit programs within the meaning of Title 18, United States Code, Section 24(b).

Fraudulent Billing for Medical Services

3. The defendant RAKESH K. PUNN, together with others, devised and executed a scheme and artifice to defraud the Benefit Programs by submitting for payment false and fraudulent insurance claims.

4. It was a part of the scheme that the defendant RAKESH K. PUNN, together with others, created and caused to be created, and submitted and caused to be submitted to the Benefit Programs, false and fraudulent insurance claims. The insurance claims were false and fraudulent in that they contained one or more materially false representations about medical procedures and office consultations purportedly provided by the defendant PUNN to patients namely, Jane Doe Number One through Jane Doe Number Six, individuals whose identities are known to the Grand Jury, when, in truth and in fact, as the defendant PUNN then and there well knew and believed, such procedures and consultations had not been conducted for any medically accepted purpose, but rather had been conducted solely for the sexual gratification of the defendant PUNN. Based upon those false and fraudulent

insurance claims, the Benefit Programs mailed checks payable to defendant PUNN to the office.

## COUNTS ONE THROUGH FIVE
(Sexual Exploitation of a Child)

5. The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

6. On or about September 6, 2007, within the Eastern District of New York, the defendant RAKESH K. PUNN did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe Number One, to engage in the sexually explicit conduct described below, for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, to wit: one or more digital cameras, memory cards and computer equipment:

| COUNT | FILENAME | DESCRIPTION |
|---|---|---|
| ONE | "Virus infected files _11yF (1).JPG" | The lascivious exhibition of the genitals and pubic area of Jane Doe Number One. |
| TWO | "Virus infected files _11yF (2).JPG" | The lascivious exhibition of the genitals and pubic area of Jane Doe Number One. |
| THREE | "Virus infected files _11yF (3).JPG" | The lascivious exhibition of the genitals and pubic area of Jane Doe Number One. |

| COUNT | FILENAME | DESCRIPTION |
|-------|----------|-------------|
| FOUR | "Virus infected files _11yF (9).JPG" | The lascivious exhibition of the genitals and pubic area of Jane Doe Number One. |
| FIVE | "Virus infected files _11yF (14).JPG" | The lascivious exhibition of the genitals and pubic area of Jane Doe Number One. |

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT SIX
(Sexual Exploitation of a Child)

7. The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

8. On or about January 18, 2008, within the Eastern District of New York, the defendant RAKESH K. PUNN did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe Number Two, to engage in sexually explicit conduct, to wit: the lascivious exhibition of the genitals and pubic area of Jane Doe Number Two, for the purpose of producing one or more visual depictions of such conduct, to wit: the movie file "2008-01-18 16YF INDIA PUNJAB.avi," which visual depictions were produced using materials that had been mailed, shipped and transported in

5

and affecting interstate and foreign commerce, to wit: one or more digital cameras, memory cards and computer equipment.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT SEVEN
### (Sexual Exploitation of a Child)

9. The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

10. On or about January 21, 2008, within the Eastern District of New York, the defendant RAKESH K. PUNN did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe Number Three, to engage in sexually explicit conduct, to wit: the lascivious exhibition of the genitals and pubic area of Jane Doe Number Three, for the purpose of producing one or more visual depictions of such conduct, to wit: the computer file "VIRUS INFECTED FILE_HISPANIC 16YF.mpg," which visual depictions were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, to wit: one or more digital cameras, memory cards and computer equipment.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

6

## COUNTS EIGHT THROUGH THIRTY-SIX
(Health Care Fraud)

11. The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

12. On or about the dates identified below, within the Eastern District of New York and elsewhere, the defendant RAKESH K. PUNN, together with others, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud one or more health care benefit programs, to wit: the Benefit Programs, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, such health care benefit programs, in connection with the delivery of and payment for health care benefits, items and services:

| COUNT | APPROXIMATE DATE OF TREATMENT | PATIENT PURPORTEDLY TREATED |
|---|---|---|
| EIGHT | June 10, 2007 | Jane Doe Number Six |
| NINE | June 24, 2007 | Jane Doe Number Six |
| TEN | June 30, 2007 | Jane Doe Number Four |
| ELEVEN | August 4, 2007 | Jane Doe Number Five |
| TWELVE | August 23, 2007 | Jane Doe Number One |
| THIRTEEN | August 24, 2007 | Jane Doe Number One |
| FOURTEEN | August 25, 2007 | Jane Doe Number One |
| FIFTEEN | August 27, 2007 | Jane Doe Number One |
| SIXTEEN | August 28, 2007 | Jane Doe Number One |
| SEVENTEEN | August 29, 2007 | Jane Doe Number One |

| COUNT | APPROXIMATE DATE OF TREATMENT | PATIENT PURPORTEDLY TREATED |
|---|---|---|
| EIGHTEEN | August 30, 2007 | Jane Doe Number One |
| NINETEEN | August 31, 2007 | Jane Doe Number One |
| TWENTY | September 1, 2007 | Jane Doe Number One |
| TWENTY-ONE | September 2, 2007 | Jane Doe Number One |
| TWENTY-TWO | September 3, 2007 | Jane Doe Number One |
| TWENTY-THREE | September 4, 2007 | Jane Doe Number One |
| TWENTY-FOUR | September 5, 2007 | Jane Doe Number One |
| TWENTY-FIVE | September 6, 2007 | Jane Doe Number One |
| TWENTY-SIX | September 29, 2007 | Jane Doe Number Six |
| TWENTY-SEVEN | November 10, 2007 | Jane Doe Number Six |
| TWENTY-EIGHT | November 16, 2007 | Jane Doe Number Five |
| TWENTY-NINE | December 12, 2007 | Jane Doe Number Two |
| THIRTY | January 2, 2008 | Jane Doe Number Five |
| THIRTY-ONE | January 7, 2008 | Jane Doe Number Five |
| THIRTY-TWO | January 14, 2008 | Jane Doe Number Six |
| THIRTY-THREE | January 17, 2008 | Jane Doe Number Five |
| THIRTY-FOUR | January 18, 2008 | Jane Doe Number Two |
| THIRTY-FIVE | January 21, 2008 | Jane Doe Number Three |
| THIRTY-SIX | February 15, 2008 | Jane Doe Number Six |

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH SEVEN

13.  The United States hereby gives notice to the defendant charged in Counts One through Seven that, upon his conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code,

8

Section 2253, of (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Title 18, United States Code, and any book, magazine, periodical, film, videotape and other matter produced, transported, mailed, shipped and received in violation of the offense of conviction; (b) any property, real and personal, constituting or traceable to gross profits and other proceeds obtained from such offense; and (c) any property, real and personal, used or intended to be used to commit or to promote the commission of any such offense of conviction or property traceable to such property, including, but not limited to the following:

Specific Property

a. The Medical License of Dr. Rakesh Punn, M.D.;
b. The Medical Practice/Business known as Dr. Rakesh Punn, M.D.;
c. One HP Laptop, Service Tag DV9535NR;
d. One Power Spec Tower, serial number B605060700388;
e. One Lenovo Laptop, serial number ABV0040888;
f. One Blackberry 8330;
g. One HP Desktop, serial number USU4050D3J;
h. One HP Notebook, serial number TW21603519;
i. One Samsung Sch-i910 Cellphone;
j. One T-Mobile Cellphone;

9

        k. One Aiptek HD DV 108Q Videocamera, serial number BPM80016222; and

        l. One Micron Tower P75PCI, serial number 364663-0001.

    14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

        a. cannot be located upon the exercise of due diligence;

        b. has been transferred or sold to, or deposited with, a third party;

        c. has been placed beyond the jurisdiction of the court;

        d. has been substantially diminished in value; or

        e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 2253; Title 21, United States Code, Section 853(p))

10

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS EIGHT THROUGH THIRTY-SIX

15. The United States hereby gives notice to the defendant charged in Counts Eight through Thirty-Six that, upon his conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of such offenses to forfeit any property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offenses.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such

defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1))

A TRUE BILL

*[signature]*
FOREPERSON

*[signature]*
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK
CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

RAKESH K. PUNN,

Defendant(s).

## INDICTMENT

T. 18, U.S.C., §§ 982 (a) (7), 982 (b) (1), 1347, 2251 (a), 2251 (d), 2253, 2 and 3551, et seq.; T. 21, U.S.C., §§ 853 (p).

A true bill.

_[signature]_ _____
                                    Foreman

Filed in open court this _4_ day
of _January_ A.D. 20_12_.

_____
Clerk

Bail, $ _____

ALLEN L. BODE, ASSISTANT U.S. ATTORNEY
U.S. ATTORNEY'S OFFICE - EDNY
610 FEDERAL PLAZA
CENTRAL ISLIP, NEW YORK 11722
(631) 715-7828